Marvin Beshore, Harrisburg, Pa., Herman M. Rodgers, Sharon, Pa., for N.F.O.

Lucian L. Lodestro, William F. Duncannon, Jamestown, N.Y., Donald Rogalo, Erie, Pa., for Falconer Realty Corp.

Warren R. Keck, III, trustee.

### In re SANDY LAKE TRANSFER, INC., Debtor.

**Warren R. KECK, III, Trustee, Plaintiff/Appellee,**

v.

**NATIONAL FARMERS' ORGANIZATION, Defendant/Appellant,**

and

**Falconer Realty Corporation, Defendant.**

Bankruptcy No. 82–630.
Adv. No. 83–0228.
Civ. A. No. 85–25 ERIE.

United States District Court,
W.D. Pennsylvania.

June 25, 1985.

### MEMORANDUM ORDER

GERALD J. WEBER, District Judge.

This is a case in which Sandy Lake Transfer, Inc. filed a petition in Bankruptcy on November 1, 1982. It was before the Bankruptcy Judge in an action for turnover of certain milk handling and processing equipment against National Farmers' Organization (NFO) and Falconer Realty Corporation. Bankruptcy Judge Washabaugh issued an Opinion dated December 6, 1984 finding that the equipment in question is "legally and equitably the property and assets of the plaintiff's debtor-corporation ..." and directing NFO to turn over the requested equipment. The NFO filed a Notice of Appeal from this order, bringing the matter before this court.

In this matter, the Bankruptcy Court had plenary jurisdiction, and we find that the Bankruptcy Judge correctly decided the issue of ownership of the equipment. We don't find the "clear and convincing" rule to be applicable in this case. The "clear and convincing" rule is applied in a case where the Bankruptcy Court has only summary jurisdiction. *See Maggio v. Zeity*, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948). Further, contrary to NFO's urgings, this case involves no specific findings of fraud which would require such a standard. The Bankruptcy Judge merely reflected in dicta that allowing the claimant to keep the property in question would be tantamount to perpetrating a fraud on the debtor's creditors. It is not a finding of fraud. The Bankruptcy Court's findings were correctly based on substantial evidence.

The fact that Crisci Food Equipment Company executed a bill of sale to NFO on payment of the final $100 payment under the lease-purchase agreement is of no weight here since NFO had no right to title under the lease itself and no effective conveyance of title could have taken place. The equipment was purchased by Sandy Lake Transfer, Inc., incorrectly designated as Sandy Lake Reload. Payments for the equipment were effectuated as a deduction against users pro rata and remitted by NFO, but none of the lease payments were made from the funds of NFO itself.

We also find that the Bankruptcy Judge based his findings regarding the ownership of the laboratory equipment on substantial evidence. Transcript of Proceedings, July 25, 1983, at 49–52. Based on these findings, we affirm the December 6, 1984 Order of the Bankruptcy Court in this matter. This court further refers this matter to the Bankruptcy Court for entry of any appropriate orders in accord with this court's finding, including any order regarding confirmation of sale of equipment and/or disbursements of funds from such sale.